Sheema AHMED, a/k/a Sheema Razzak; Samina Razzak; Saffat Abdus Samad Mohammad Waes, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72098.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Sheema Ahmed, a native of Bangladesh and citizen of Australia, and her son and daughter, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from an immigration judge's decision denying their application for asylum from Bangladesh and Australia and for withholding of removal to Australia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing due process claims de novo, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and the agency's factual findings for substantial evidence, *Singh v. INS,* 134 F.3d 962, 971 n. 16 (9th Cir.1998), we deny the petition for review.

■■ We have jurisdiction to review whether the agency violated Ahmed's due process rights in denying her asylum application as untimely. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir. 2005). Ahmed's due process claim is unavailing because she did not show how the agency's alleged failure to allow her to explain why her application was untimely affected the outcome of her case, and thus failed to establish prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

■■ Substantial evidence supports the agency's determination that Ahmed failed to establish that the Australian government is unable or unwilling to control those who threatened her or may threaten her in Australia. As such, Ahmed has failed to meet her burden of establishing eligibility for withholding of removal to

Australia. *See Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 788 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

